Augustus Wilson & wife *vs.* City of Charlestown.

A person who voluntarily attempts to pass over a sidewalk which he knows to be very dan-gerous, by reason of ice upon it, when he might easily avoid it, cannot maintain an action against the town which is bound to keep the way in repair, to recover for injuries sustained by falling upon the ice.

Tort to recover for a personal injury sustained by the female plaintiff, in consequence of a defective highway. At the trial in the superior court, upon an agreement of the parties as to the facts established by the evidence, which are sufficiently stated in the opinion, *Lord,* J., ruled that the plaintiffs were not enti-tled to recover; and a verdict was returned for the defendants. The plaintiffs alleged exceptions.

*J. F. Pickering,* for the plaintiffs.

*J. Q. A. Griffin,* ( *C. Robinson, Jr.* with him,) for the defend ants.

CHAPMAN, J.  It is well settled that the burden was on the plaintiffs to prove that Mrs. Wilson used ordinary care.  The report of the case states that the sidewalk was covered with ice so as to be very slippery and dangerous; that she had passed over it just before in company with a friend, and they both remarked upon its dangerous condition.  It thus appears that it was dangerous, and that she knew it to be so.  In returning from the house to which she went, it is stated that she attempted to pass to Union Street over the slippery sidewalk, and when she had proceeded about half way to Union Street, she slipped and fell, receiving the injury for which the action is brought. But in all this there is nothing that affirms or indicates the exercise of care.  There was no evidence to submit to the jury on that point.  The fact that the street in front of the sidewalk, and the sidewalk on the opposite side of the street, were in such condition that they could have been used safely and conveniently, which was shown, tended to prove a want of care on the part of the female plaintiff.  It is settled that if a person knows a way to be dangerous when he enters upon it, he cannot, in the exercise of ordinary prudence, proceed and take his chance, and, if he shall actually sustain damage, look to the town for indemnity.  *Horton* v. *Ipswich,* 12 Cush. 488.  The case therefore presents not only an entire absence of evidence tending to prove care, but strong evidence of carelessness.  The defendants were legally entitled to the verdict which was taken in their favor. *Todd* v. *Old Colony & Fall River Raiload,* 3 Allen, 21.  *Denny* v. *Williams,* 5 Allen, 1.            *Exceptions overruled.*